UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10893-RGS

ARK NATIONAL HOLDINGS LLC

v.

WE CAMPAIGN LLC, TITAN DIGITAL LLC,
WEOFFERS LLC, ARAM SHIRINYAN, and
ARMEN YOUSSEFIAN

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR RECONSIDERATION

October 14, 2021

STEARNS, D.J.

Before the court is plaintiff ARK National Holdings LLC's motion for
reconsideration of the court's order allowing with prejudice defendant Aram
Shirinyan's motion to dismiss.  The court will deny ARK's request.

As ARK correctly points out, Local Rule 7.1(f) states that motions
without a hearing "will be decided on the papers submitted after an
opposition to the motion has been filed, or, if no opposition is filed, after the
time for filing an opposition has elapsed."  "To set the strictures of a local
rule to one side without advance notice, the court (1) must have a sound
reason for doing so, and (2) must ensure that no party's rights are unfairly

jeopardized." *United States v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989). "Fundamental fairness is the mainstay of this paradigm." *Puerto Rico Am. Ins. Co. v. Rivera-Vazquez*, 603 F.3d 125, 132 (1st Cir. 2010).

With these principles in mind, the court finds that its early allowance of dismissal with prejudice claims made against Shirinyan was justified. At base, ARK's claims against Shirinyan in its first amended complaint were plainly insufficient to state a claim under the pleading standards of Fed. R. Civ. P. 8(a). Taken as true, ARK's well-pleaded factual allegations did not plausibly demonstrate that Shirinyan misappropriated data from ARK. Notably, ARK has already amended its complaint once and has been granted leave to further amend its complaint for the limited purpose of adding an additional claim against defendant Armen Youssefian. Despite these revisions to the complaint, ARK has been unsuccessful in remedying its pleading deficiencies with regard to its claims asserted against Shirinyan. No opposition to Shirinyan's motion to dismiss could cure the fatal shortcomings of ARK's claims against Shirinyan.

Moreover, Shirinyan – both through his motion to dismiss and his motion for sanctions against ARK – has made a compelling case for prompt resolution of the claims against him. To wit, Shirinyan alleges that ARK has abused the litigation process by naming him as a defendant as a ploy to

harass him into cooperating against Youssefian, in contravention of Fed. R. Civ. P. 11.   On its face, Shirinyan's claim appears to have merit, given that counsel for ARK stated the following to Shirinyan's counsel in an email:

> [W]e would rather not limit ourselves when we don't know what you [sic] client knows. . . .  If [Shirinyan] has information that can help us and is willing to cooperate then we are open to discussing a quick resolution with him.  As far as process, I would suggest conveying this opportunity to him, conferencing with him, and then we can speak again.  But its [sic] ultimately his call.

Mot. for Sanctions Ex. 3 (Dkt # 26-2) at 17.   Further, Shirinyan's counsel alleges in a sworn declaration that: (1) ARK's counsel informed her on a phone call that ARK was not interested in Shirinyan and that ARK would "promptly resolve or dismiss the entire case against Shirinyan if he 'cooperates' . . . by telling them facts favorable to [ARK's] position," Cameron-Banks Decl. (Dkt # 26-1) ¶ 2; (2) ARK scheduled a mediation with Youssefian without soliciting Shirinyan's involvement, *id.* ¶ 4; (3) ARK never served its Rule 26(a) initial disclosures on Shirinyan despite having sent such disclosures to Youssefian over the summer, *id.* ¶ 6; and (4) ARK repeatedly refused to voluntarily dismiss Shirinyan from the action and reiterated that it would consider dismissing Shirinyan only if he provided ARK with useful information, *id.* ¶ 5.   As a result of being a named defendant in this lawsuit, Shirinyan suffered a three-month delay in receiving his unemployment benefits.   *Id.* ¶ 3.   Thus, given evidence that ARK was causing Shirinyan

ongoing harm by abusing the litigation process, coupled with the stark deficiencies in ARK's claims against Shirinyan, the court had a "sound reason" for swiftly resolving Shirinyan's motion. *Diaz-Villafane*, 874 F.2d at 46.

Moreover, the court's action did not "unfairly jeopardize[ ]" any party's rights. *Id.* As discussed above, because ARK missed an opportunity in its first amended complaint to cure the deficiencies of its claims against Shirinyan, its clear failure to state a claim against Shirinyan could not be remedied or explained away by any opposition to Shirinyan's motion to dismiss. Further, considering the ongoing harm and financial burden suffered by Shirinyan as a named defendant in this case, the only "unfair[ ]" action here would be to not dismiss ARK's unfounded claims against him at the earliest possible opportunity. *Id.*

## ORDER

For the foregoing reasons, ARK's motion for reconsideration is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE